UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. ALTMAN,

    Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

    Defendant.

Case No. 24-cv-11700

Honorable Robert J. White

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

I.    <u>Introduction</u>

Terry Altman commenced this diversity breach of contract action against Massachusetts Mutual Life Insurance Company ("Mass Mutual") for terminating his disability income benefits when he turned 65 instead of paying them for the remainder of his life.

Before the Court is Mass Mutual's motion for judgment on the pleadings. (ECF No. 15). Altman responded in opposition. (ECF No. 16). Mass Mutual filed a reply. (ECF No. 19). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.   Background

    A.   *Factual History*

Altman applied to Mass Mutual for a disability income policy in May 1988.[1] (ECF No. 1-1, PageID.11, ¶ 4). He worked with Sharon Viano, Mass Mutual's agent, to obtain the policy.[2] (*Id.*, ¶ 5). Altman alleges that Viano quoted him a higher premium price based on the understanding that the policy would cover him for the duration of his life. (*Id.*, ¶ 5). Mass Mutual accepted the application and issued Altman a policy in June 1988. (*Id.*, ¶ 6). The policy expressly stated, however, that monthly benefits would be paid to Altman only until he reached age 65. (*Id.*; *see also* ECF No. 1-1, PageID.28).

Altman claims that he executed a supplemental application for "Lifetime Accident and Sickness" disability income benefits in August 1988 – at Viano's insistence – even though he "believed he already had a lifetime policy." (ECF No. 1-1, PageID.11-12, ¶ 7). But the complaint omits any allegation that Mass Mutual approved the application or issued a lifetime coverage rider to the existing policy.

---

[1] Altman actually applied to the Connecticut Mutual Life Insurance Company, Mass Mutual's predecessor-in-interest. (ECF No. 1-1, PageID.11, ¶ 4). The opinion and order will refer to both these entities as "Mass Mutual" for clarity's sake.

[2] Mass Mutual denies that Viano ever acted as its agent. (ECF No. 1-1, PageID.36). Nonetheless, because Altman plausibly asserts that Viano was Mass Mutual's agent the Court will accept his version of events. *See Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 386 (6th Cir. 2022).

2

Altman became disabled in late 1990. (*Id.*, PageID.12, ¶ 8). He collected benefit payments from the "inception of his disability" through August 2019. (*Id.*, ¶¶ 8-9). Mass Mutual terminated the policy on August 13, 2019 – approximately one year after Altman's 65th birthday – asserting that the policy's maximum benefit period had expired.[3] (*Id.*, ¶ 9).

B. *Procedural History*

Altman initially filed this lawsuit in Michigan state court, seeking to compel Mass Mutual to reinstate the policy and reform it to include a lifetime maximum benefit period. (*Id.*, PageID.17). The complaint alleges causes of action for breach of contract and "declaratory and injunctive relief." (*Id.*, PageID.15-16, ¶¶ 20-27). Mass Mutual removed the case to the United States District Court for the Eastern District of Michigan based upon federal diversity jurisdiction. (ECF No. 1, PageID.2-3, ¶¶ 4-12). *See* 28 U.S.C. § 1332. Mass Mutual answered the complaint and asserted various affirmative defenses. (ECF No. 5). It now moves for judgment on the pleadings. (ECF No. 15).

---

[3] Mass Mutual references Altman's criminal history in the factual background section to its supporting brief. That type of information is both immaterial and unwarranted in a breach of contract case like this one. (ECF No. 15, PageID.115 n.2). Counsel would do well to consult the Eastern District of Michigan's civility principles before filing any future pleadings, motions, or briefs in this Court. United States District Court Eastern District of Michigan, Civility Principles, Attorneys' Responsibilities to Other Counsel, ¶ 2, http://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf. ("We will abstain from disparaging personal remarks or acrimony towards other counsel, parties, or witnesses.").

III.  Legal Standards

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) typically mirrors the rules for evaluating a motion to dismiss the complaint under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted). The Court may consider "exhibits attached to the complaint" to decide the motion. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

IV.  Analysis

A.  *Breach of Contract*

A party asserting a breach of contract claim under Michigan law must establish "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Dunn v. Bennett*, 303 Mich. App. 767, 774 (2014). The primary aim

4

when construing a contract is to give effect to the parties' intentions. *Jay Chevrolet, Inc. v. Dedvukaj*, 310 Mich. App. 733, 735 (2015). To achieve this result, the Court must accord the contractual language its plain and ordinary meaning. *Innovation Ventures v. Liquid Mfg.*, 499 Mich. 491, 507 (2016). "When the language of the contract is unambiguous, the contract must be interpreted and enforced as written." *Total Quality, Inc. v. Fewless*, 332 Mich. App. 681, 694 (2020).

Here, the policy's cover page expressly provides that the maximum benefit period is "to 65." (ECF No. 1-1, PageID.28). It informs Altman – in bold lettering – that "YOUR BENEFIT PERIOD FOR DISABILITY IS YOUR SPECIFIED BENEFIT PERIOD, BUT NOT BEYOND AUG 9 2019." (*Id.*). And this durational limitation is consistent with the policy application worksheets – which Altman executed back in May 1988 – indicating that the benefit period is to "65." (*Id.*, PageID.21; *see also* ECF No. 1-1, PageID.20, 23). Since the maximum benefit period is unambiguous, Mass Mutual did not breach the policy when it terminated Altman's disability income in August 2019, "approximately one year after [his] 65th birthday." (ECF No. 1-1, PageID.12, ¶ 9).

Altman contests this outcome. Placing aside the policy's clear language, he maintains that Viano, Mass Mutual's agent, verbally misled him to believe that he had, in fact, purchased a lifetime disability income policy. (*Id.*, PageID.11-13, ¶¶ 5, 7, 12, 14; *see also* ECF No. 16-1, PageID.136). There are two main flaws with his

theory. *First*, the policy says that "[a]ny change must be approved by *an officer* of our company" and that "*[o]ur agents* cannot make changes or waive any provision." (ECF No. 1-1, PageID.30) (emphasis added). So Viano's alleged representations could not alter the policy's written terms, including its age-65 maximum benefit period. *See Drogula v. Federal Life Ins. Co.*, 248 Mich. 645, 649-50 (1929) (enforcing insurance policy language that "[n]o agent has authority to change this policy or to waive any of its provisions."); *see also Cleaver v. Traders' Ins. Co.*, 65 Mich. 527, 533 (1887).

*Second*, Altman could not prevail even if the policy omitted the above language. That's because parol evidence "of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Zwiker v. Lake Superior State Univ.*, 340 Mich. App. 448, 476 (2022); *see also Barclae v. Zarb*, 300 Mich. App. 455, 480 (2013)

Altman further contends that he is entitled to lifetime coverage because he executed a supplemental application for "Lifetime Accident and Sickness" disability income benefits in August 1988. (ECF No. 1-1, PageID.11-12, ¶ 7; *Id.*, PageID.33-34). But Altman never alleges that Mass Mutual approved the application or issued a lifetime coverage rider to the existing policy. And Mass Mutual's internal communications from September 1988 (which are attached to the complaint) show

6

that Altman failed to submit the financial documentation necessary for Mass Mutual to approve the application. (ECF No. 1-1, PageID.38).

Since Altman's arguments are unpersuasive, the policy must be enforced according to its plain terms. That means Mass Mutual did not violate the policy when it terminated Altman's disability income benefits in August 2019. The breach of contract claim must, therefore, be dismissed.[4]

B. *Declaratory and Injunctive Relief*

Altman's request for declaratory and injunctive relief cannot either proceed. While the Michigan Court Rules authorize the issuance of declaratory judgments as well as requests for injunctive relief, "those remedies must be predicated on a viable legal theory." *Cary Invs., LLC v. City of Mt. Pleasant*, 342 Mich. App. 304, 314 (2022); *see also* Mich. Ct. Rule 2.605, 3.310. Because the Court already dismissed the breach of contract claim – the only substantive cause of action in this litigation – there is no legal basis for issuing declaratory or injunctive remedies. Accordingly,

IT IS ORDERED that Mass Mutual's motion for judgment on the pleadings (ECF No. 15) is granted.

---

[4] Altman urges the Court to convert the current motion to one for summary judgment, apparently because of the documentary evidence proffered outside the pleadings. (ECF No. 16-1, PageID.132-33). Because these materials are appended to complaint, the Court may consider them on a Rule 12(c) motion for judgment on the pleadings. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1, PageID.10-40) is dismissed with prejudice.

IT IS FURTHER ORDERED that Altman's motion for leave to file an untimely response brief (ECF No. 16) is granted.

Dated: June 16, 2025                             s/ Robert J. White
                                                                                 Robert J. White
                                                                                 United States District Judge